McRAE, Justice,
dissenting:
I agree with the majority’s conclusion that, as a civil service administrative employee, Don Bullock was subject only to the civil service laws found at Miss.Code Ann. §§ 21-31-51 through 21-31-75. However, I must part with the majority’s reading of § 21-31-75, because it does not preclude a civil service employee from becoming a political candidate.
Nowhere does § 21-31-75 require that a civil service employee cannot run for an elected office. The statute, plainly and unambiguously, says that no employee can engage in a political campaign as a representative of any candidate. The majority even declares that the language does not explicitly prohibit a person from being a candidate. However, the majority’s interpretation of the statute stretches the plain meaning of its terms to new lengths.
The purpose of the statute is, as the majority holds, “to protect civil service employees ... from being pressured to contribute in any way to any political campaign.” If a civil servant decides to run for office, how could that employee, who represents himself, be pressured politically against his wishes?
Consider the scenario of a sheriff or mayor who decides not to run for reeleetion. If the majority’s argument is accepted, then any deputy or city employee who sought the sheriffs position would have to resign from his or her job, just to run for the office. The deputies or city employees, who are paid a monthly salary, would have to abandon a job to spend four or five months to seek another one that they are not guaranteed of receiving. Surely, this was not the outcome that the legislature intended when it enacted § 21-31-75. Accordingly, I dissent.
SULLIVAN, P.J., and BANKS, J., join this opinion.